IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STEPHANIE MYERS, as an individual and as a representative of the Classes, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 5:14-cv-01072-RCL |
| NATIONAL TENANT NETWORK, INC. and N.T.N.D., Inc., | § § § § | |
| Defendants. | § | |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO AMEND

Defendants' response (ECF No. 116) to Plaintiff's motion for leave to amend provides no basis to deny Plaintiff's motion. There has been no bad faith, dilatory motive, or undue delay in seeking leave to amend. Despite the amount of time that has passed since Plaintiff's case was filed, discovery is nowhere near complete, and the new allegations change neither the case theory nor the nature of the recovery sought. Plaintiff continues to seek only statutory damages. Further, there is no possible prejudice to Defendants, as the case is still at the pleadings stage, discovery was ongoing when the case was stayed, there is currently no scheduling order in place, and Plaintiff has not yet been deposed. Prior to *Spokeo*, Defendants essentially conceded that Plaintiff had standing to proceed under clear Fifth Circuit precedent. There is no reason why Plaintiff should have had to preemptively amend to account for all possible post-*Spokeo* outcomes. Granting a stay of litigation to allow the parties to determine the impact of *Spokeo* while at the same time denying Plaintiff leave to amend to account for its holding would be manifestly unfair. Under the liberal amendment standard of Rule 15, leave to amend should be granted.

Defendants' argument that Plaintiff has unduly delayed in seeking amendment falls flat, as it completely ignores the procedural history and posture of this case. As stated in her opening brief, in February 2014, Plaintiff initiated this lawsuit against National Tenant Network ("NTN") in the District of Oregon, and NTN moved to dismiss and to transfer the case to the Western District of Texas. (ECF Nos. 13, 14.) NTN did not raise Article III standing issues in its motion to dismiss. In November 2014, the assigned magistrate judge in Oregon recommended that the case be transferred here, and Plaintiff eventually stipulated to the transfer rather than object to the magistrate judge's recommendation. Based on what she learned after taking discovery from NTN, Plaintiff amended the complaint to add N.T.N.D., Inc. ("NTND") in May 2015, and the motion to amend was granted in August 2015. On August 27, 2015, NTN filed its motion to dismiss the amended complaint, arguing for the first time that Plaintiff lacked Article III standing, but acknowledging under Fifth Circuit law that Plaintiff had standing. (ECF No. 82 at 6 (citing *Taylor v. Acxiom Corp.*, 612 F.3d 325, 340 n.15 (5th Cir. 2010)). NTND made a similar argument in its motion. (ECF No 92.) Prior to Defendants' motions to dismiss the first amended complaint, the issue of Article III standing had not been raised either by Defendants or any of the judges to preside over this matter. In November 2015, the Court stayed this case pending the Supreme Court's decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), which the Supreme Court issued on May 16, 2016. Plaintiff promptly filed her motion for leave to amend in June 2016 in response to Defendants' renewed motion to dismiss.

While Plaintiff maintains that the operative complaint sets forth her concrete injuries sufficient to invoke federal court jurisdiction, the only reason that Plaintiff is seeking leave to amend is to put to rest definitively Defendants' argument that under the Supreme Court's recent decision in *Spokeo*, this Court lacks Article III jurisdiction over her Fair Credit Reporting Act

("FCRA") and Texas state law ("TCRA") claims. Plaintiff's proposed second amended complaint does not bring any new claims, does not seek to recover any additional (or different) damages, does not add any new parties, and does not fundamentally change or alter any aspect of this case. The amended complaint merely states the nature of the harm caused by Defendants' FCRA and TCRA violations and adds only one additional fact: that Plaintiff lost her job as a result of Defendants' erroneous background check. Plaintiff had not previously pled that she lost her job due to Defendants' report because as Defendants acknowledged, she was not (and still is not) required to do so to establish standing.

Thus, given the procedural history of this case, there has been no undue delay on Plaintiff's part. Plaintiff is amending solely to put to rest the Article III standing issue so that this case may proceed to the merits. It is only fair to allow a party to amend to account for new legal arguments. While Plaintiff maintains that *Spokeo* changed nothing of consequence with respect to this case, Defendants contend otherwise. Yet, despite Defendants' argument that the law has changed, Defendants would have the Court deny Plaintiff leave to amend to account for that change. Apparently, Defendants are of the view that Plaintiff should have amended her complaint pre-*Spokeo* to account for all possible outcomes. But the rules require no such thing, and Defendants' own motion to stay this case pending *Spokeo* illustrates the unfairness of requiring a party to anticipatorily litigate based on a case that had not yet been decided. Denying Plaintiff leave to amend in such a circumstance would be manifestly unfair. Plaintiff should no more be tethered to her pre-*Spokeo* pleadings than Defendants should be tethered to their pre-*Spokeo* legal briefs. This is precisely the kind of circumstance in which leave should be granted. See *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510,

520 (7th Cir. 2015) ("The liberal standard for amending under Rule 15(a)(2) is especially important where the law is uncertain.").

Nor has there been any bad faith or dilatory motive. Unlike *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137 (5th Cir. 1993) Plaintiff is not seeking to add new claims, parties, or theories of damages. She is merely trying to move this case past the pleadings stage and onto the merits. Tellingly, Defendants articulate no strategic or practical benefit that Plaintiff would have achieved by delaying her proposed amendment. Rather, Plaintiff merely sought to be efficient— prior to *Spokeo*, Defendants essentially conceded Plaintiff's standing under Fifth Circuit precedent (ECF No. 82 at 6), and Plaintiff saw no cause to amend. Now, Defendants contend the law has changed. While Plaintiff disagrees, she should be allowed to amend her pleadings to address Defendants' argument about this purported change in Article III jurisprudence.

Lastly, Defendants' unsupported claim of undue prejudice rings hollow. Contrary to Defendants' argument, Plaintiff "is not attempting to change her entire theory of recovery." ECF No. 116 at 6. The claims and damages sought in the operative complaint and the proposed amended complaint are identical. Plaintiff continues to seek only statutory damages. *See Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 953 (7th Cir. 2006) ("That actual loss is small and hard to quantify is why statutes such as the Fair Credit Reporting Act provide for modest damages without proof of injury."). The only change to the complaint is in the factual allegations. For the purpose of establishing her Article III standing beyond the shadow of the doubt, Plaintiff has merely heightened the allegations of harm caused by Defendants' violations of the FCRA and TCRA.

The idea that Plaintiff's amendment now is somehow prejudicial is not consistent with the procedural history of this case. NTND has only been formally a party to this case since

August 2015, and neither Defendant has attempted to conduct any discovery since this case was transferred to Texas. Despite its age, the case is still largely at the pleadings stage, Defendants have not answered the operative complaint, discovery has not yet been completed, and Plaintiff has not been deposed. The fact that this case is still at the pleadings stage distinguishes it from *Freeman v. Cont'l Gin Co.*, 381 F.2d 459 (5th Cir. 1967), where the request to amend came after summary judgment was granted. The amount of time that was spent litigating transfer motions, awaiting the Supreme Court's decision in *Spokeo*, and re-briefing Defendants' motions to dismiss are further reasons why it is inappropriate to compare the age of this case with the age of *Freeman*. Defendants have not and cannot articulate any actual undue prejudice from the proposed amendment.

Accordingly, under the liberal Rule 15 standard for amendment, the Court should grant Plaintiff's motion for leave to file her second amended complaint.

Respectfully submitted,

Dated: July 25, 2016

BERGER & MONTAGUE, P.C.

/s/John G. Albanese
E. Michelle Drake (MN Bar No.0387366)*
John G. Albanese (MN Bar No.0395882)**
43 SE Main Street, Suite 505
Minneapolis, MN  55414
Telephone:  612.594.5999
Fax:  612.584.4470
emdrake@bm.net
jalbanese@bm.net

*generally admitted in W.D. Texas
**admitted *pro hac vice*

Ricardo G. Cedillo
State Bar No. 04043600
Mark W. Kiehne
State Bar No. 24032627

5

                DAVIS, CEDILLO & MENDOZA, INC.
                McCombs Plaza, Suite 500
                755 E. Mulberry Avenue
                San Antonio, Texas 78212
                Tel.: (210) 822-6666
                Fax: (210) 822-1151
                rcedillo@lawdcm.com
                mkiehne@lawdcm.com

                ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Alison H. Moore     amoore@thompsoncoe.com, vcaldwell@thompsoncoe.com

C. Dunham Biles     dunham.biles@lewisbrisbois.com, rosanna.espinoza@lewisbrisbois.com, theresa.fails@lewisbrisbois.com

Christopher Charles White     chris.white@lewisbrisbois.com, terre.meza@lewisbrisbois.com

Jason R. Jobe     jjobe@thompsoncoe.com, vcaldwell@thompsoncoe.com

John S. Poulos     jpoulos@lbbslaw.com, tmitchell@lbbslaw.com

Pamela M. Ferguson     pamela.ferguson@lewisbrisbois.com, Wendy.Harrison@lewisbrisbois.com

I further certify that a true and correct copy is being served on the following non-ECF participant via U.S. mail.

Heidi Adams
Lewis Brisbois Bisgaard & Smith LLP
333 Bush Street
Suite 1100
San Francisco, CA 94104

/s/John Albanese
John Albanese